United States District Court
Southern District of Texas
**ENTERED**
May 23, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Prosper Funding LLC, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action H-21-3234 |
| § | |
| Splitit U.S.A., Inc., and § | |
| Splitit Payments Ltd., § | |
| Defendants. § | |

# Report and Recommendation

Prosper Funding LLC (Prosper) filed this lawsuit against Splitit U.S.A., Inc., and Splitit Payments Ltd. (collectively, Splitit) on October 5, 2021, alleging trademark infringement, unfair competition, and trademark dilution under the Lanham Act, unfair competition under Texas common law, and trademark dilution under the Texas Business and Commerce Code. ECF No. 1.

Splitit filed a motion to dismiss all claims. ECF No. 7. Prosper filed an amended complaint with leave of court and dropped the state and federal dilution claims. ECF Nos. 18, 20. Splitit filed a motion to dismiss the amended complaint, arguing that the other claims fail for the same reason asserted in the first motion—"a likelihood of confusion between the parties' marks is just not plausible." ECF No. 21 at 1. Prosper responded, and Splitit replied. ECF Nos. 22–23.

Because the same argument is raised against the remaining claims as was argued in Splitit's first motion to dismiss, ECF No. 7, the court recommends that the first motion be denied as moot. Because the court concludes that Prosper pleaded sufficient facts to satisfy the federal pleading standards, as discussed below, the court recommends that the second motion to dismiss, ECF No. 21, also be denied.

*1. Allegations*

Prosper was founded in 2005 as a "peer-to-peer financial lending marketplace." Am. Compl. ¶ 8, ECF No. 20. On Prosper's online marketplace platform, customers can apply for loans and invest in or purchase loans. *Id.* The platform also "provides educational services in the field of consumer finance; provides brokerage and white label services for home equity products; and develops underwriting and fraud detection models, among other things." *Id.* "Prosper provides its services and technology to customers throughout most of the United States . . . ." *Id.*

In March 2020, Prosper registered with the United States Patent and Trademark Office (USPTO) a mark, which Prosper describes as "a stylized version of the letter 'S' created from two half-circle shapes intersecting, which are unlimited as to color, for financial goods and services." Am. Compl. ¶ 9. Prosper has used its registered mark "in numerous forms[.]" *Id.* ¶ 10. For several years prior to registration and since, Prosper has used the mark "in connection with the distribution, provision, offering for sale, sale, marketing, advertising and promotion of financial planning, management and consumer lending services, generally, to Plaintiff's consumer market, which are merchants, companies, and private individuals." *Id.* ¶ 11.

According to Prosper, "Splitit is a global payment provider that enables shoppers to use their credit by breaking up purchases into monthly interest-free installments using an existing credit card." Am. Compl. ¶ 20. "Splitit's consumers are merchants, which include companies and private individuals, in the field of financial services." *Id.* ¶ 21. Prosper alleged that, in the spring of 2020, Splitit began "using and advertising [on its website] a design comprised of a stylized version of the letter 'S' created from two (2) half-circle shapes intersecting in varying colors/shades . . . as its company symbol in conjunction with the distribution, provision, advertising, promotion,

2

offering for sale, and sale of finance-related goods and services" covered under Prosper's mark. *Id.* ¶ 22.

Proper discovered Splitit's design in December 2020. Am. Compl. ¶¶ 1, 29. Prosper's counsel sent a cease-and-desist letter to Splitit. *Id.* ¶ 30. Splitit responded and claimed that the use of its design was allowed because of "stark differences in the parties' services, target customers, channels of trade, and respective parties' services field, and the lack of any consumer confusion thus far." *Id.* ¶ 31. Prosper's counsel replied and highlighted similarities in all those areas. *Id.* ¶ 33. The correspondence continued as the parties attempted to reach a compromise on Splitit's use of its design. *Id.* ¶¶ 34–38. Having achieved "no meaningful progress towards a resolution," Prosper filed this lawsuit.

In the amended complaint, Prosper alleged that there is a likelihood of confusion because Prosper and Splitit "use essentially identical company symbols to advertise and sell similar goods and services in the same geographic locations to the same consumer market." Am. Compl. ¶ 28. According to Splitit, the parties agree that the present motion to dismiss "turns on one thing[] and one thing only: whether Prosper has plausibly alleged that consumer confusion is likely." ECF No. 23 at 3.

2. *Standard of Review*

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020)

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. *Twombly*, 550 U.S. at 556. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Id.*

Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Allen*, 907 F.3d at 177 (quoting *Twombly*, 550 U.S. at 555).

*3. Analysis*

*A. Extra-Pleading Materials*

In considering a motion to dismiss, the court must limit itself to: (1) the facts in the complaint; (2) documents attached to the complaint; and (3) matters of which the court may take judicial notice. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The court has discretion to consider "any documents attached to the complaint[] and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Such documents are considered part of the pleadings. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

When matters outside of the pleadings are presented to the court and not excluded, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Although the court may consider the extra-pleading materials and convert the motion to one for summary judgment, the court finds that doing so is

4

premature because discovery is ongoing and all relevant evidence is not before the court. *See Porter v. Shearson Lehman Bros. Inc.*, 802 F. Supp. 41, 52 (S.D. Tex. 1992) (citing *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988)) (stating that the court has "complete discretion" in deciding whether to rely on any material beyond the pleadings).

### B. Trademark Legal Standards

The Lanham Act imposes civil liability for the infringement of registered and unregistered trademarks. 15 U.S.C. §§ 1114(1); 1125(a); *see also Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.* ___ F.4th ___, 2022 WL 1468328, at *2 (5th Cir. 2022). The asserted federal causes of action and Texas common law trademark infringement and unfair competition claims all require the same elements of proof. *See Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235 n. 7–8 (5th Cir. 2010). "To plead a claim for trademark infringement in violation of the Lanham Act, a plaintiff must allege that: (1) the plaintiff possesses a legally protectable trademark and (2) the defendant's use of this trademark creates a likelihood of confusion as to source, affiliation, or sponsorship." *Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.*, 10 F.4th 422, 426 (5th Cir. 2021). (quoting *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 450 (5th Cir. 2017)) (internal quotation marks and alterations omitted).

The Fifth Circuit uses these factors, known as the "digits of confusion," to evaluate the likelihood of confusion: "(1) the type of trademark; (2) mark similarity; (3) product similarity; (4) outlet and purchaser identity; (5) advertising media identity; (6) defendant's intent; (7) actual confusion; and (8) care exercised by potential purchasers." *Jim S. Adler, P.C.*, 10 F.4th at 427 (quoting *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 227 (5th Cir. 2009)). The list is non-exhaustive, and the digits are "fact-specific and flexible." *Id.* (quoting *Xtreme Lashes, LLC*, 576 F.3d at 227). "These 'digits' are mere guideposts on the road to a finding of confusion; they

5

are not 'an exact calculus' for reaching such a finding." *Springboards to Educ., Inc.*, 2022 WL 1468328, at *2 (quoting *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 485 (5th Cir. 2004).

### C. Prosper has Stated Facts to Support Likelihood of Confusion

The element at issue is likelihood of confusion. Thus, the court's only task is to determine whether Prosper pleaded factual content that allows a reasonable inference that Splitit is liable for infringement or unfair competition based on the "digits of confusion." *See Twombly*, 550 U.S.at 570; *Calogero*, 970 F.3d at 580. Contrary to Splitit's assertion that the standard imposes a probability requirement, the court only needs to find that the facts alleged "raise a reasonable expectation that discovery will reveal evidence" in support of Prosper's allegations. *See Twombly*, 550 U.S. at 556.

Splitit's motion addresses five of the eight "digits of confusion"—mark similarity, product similarity, purchaser identity, actual confusion, and care exercised by potential purchasers. Splitit also argues that Prosper's mark is weak. Looking only at the facts pleaded, the court finds that Prosper has pleaded facts that make a finding in its favor on likelihood of confusion to be plausible.

Prosper described its mark as "a stylized version of the letter 'S' created from two half-circle shapes intersecting, which are unlimited as to color" and Splitit's design as "a stylized version of the letter 'S' created from two (2) half-circle shapes intersecting in varying colors/shades[.]" Am. Compl. ¶¶ 9, 22. Prosper alleged that both parties offer financial goods and services and that they both cater to merchants, companies, and private individuals. *Id.* ¶¶ 9, 11, 21–22. These three digits alone raise a reasonable expectation that discovery will produce evidence that support Prosper's claims of infringement and unfair competition. Prosper also alleged that its use of the mark has been widespread, continuous, and exclusive to identify its financial goods and services since 2016, four years prior to its registration of the mark with the USPTO. The complaint makes no allegation that suggests Prosper's mark is weak.

Prosper's amended complaint satisfies the federal pleading standard, provides sufficient detail of its claim to relief, and raises a plausible claim of likelihood of confusion. The merit of Prosper's claims cannot be determined before Prosper has a reasonable opportunity to discover and present all relevant evidence. *See* Fed. R. Civ. P. 12(d).

*4. Conclusion*

For the reasons explained above, the court recommends that Splitit's first motion to dismiss, ECF No. 7, be denied as moot and its second motion to dismiss, ECF No. 21, be denied without prejudice to Splitit's right to raise the same arguments in a summary judgment motion to be filed later in the case with all other dispositive motions.

The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on May 23, 2022.

Peter Bray
United States Magistrate Judge